STATE BANK OF EAST MOLINE, Plaintiff-Appellant, v. ARLIN E. YOUNG, Defendant-Appellee.

Third District   No. 3—86—0116

Opinion filed November 14, 1986.

Marcus V. Hobert, of East Moline, for appellant.

Deutsch & Deutsch, of Rock Island (Sidney S. Deutsch, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, State Bank of East Moline (bank) appeals from a judgment of the circuit court of Rock Island County in favor of the defendant, Arlin Young, holding that Young does not owe $1,137.42 on a note with the bank. The issues on appeal are whether the trial court's judgment is against the manifest weight of the evidence and whether the trial court erred in refusing to allow a witness for the bank to testify regarding a second loan Young had with the bank. We reverse and remand.

The record of the hearing is a report of proceedings in lieu of a verbatim transcript. In August 1981, Arlin Young borrowed $7,407.60 from the bank and executed a promissory note which was secured by a pickup truck. On September 5, 1981, Young made a large principal payment of $1,306.20, which was the equivalent of six regular monthly payments of $217.70 each. Under bank policy this payment did not relieve Young of his obligation to make his regular monthly payments. Rather, the bank placed the large payment in an unapplied principal account which would shorten the maturity of the loan by six months, provided all other monthly payments were made. Young made regular payments until September of 1983, when the loan fell

into past-due status. On November 18, 1983, when the account was three months past due, the arrearage was corrected by a deposit of $870.80, the equivalent of four monthly payments, into Young's loan account.

The evidence regarding the $870.80 deposit is conflicting and this conflict is the basis of the present dispute. The disagreement arose in February of 1985 when the bank maintained Young owed four additional payments on the loan and Young claimed he had satisfied the debt completely.

Young has contended throughout the proceedings that he made a cash payment of $870.80 on November 18, 1983, to correct the arrearage, and because his unapplied principal account contained the equivalent of six monthly payments, the maturity date of the loan was shortened and his account was paid in full. In support of his defense of payment, Young testified that he tendered $870.80 in cash to a teller at the bank, who kept the four blank payment book coupons corresponding to the payments now in dispute. Young also elicited testimony from the bank's note department supervisor, Joline Hoffman, that the payment book coupons for the four payments were in her possession, although she did not know how they came into her possession.

The bank maintained that it corrected the arrearage by transferring $870.80 from the unapplied principal account to Young's loan account, and admitted a copy of a computerized payment schedule, which was a record of payments on Young's loan. Robert Lofgren, a vice-president of the bank, testified that the payment schedule revealed a transfer from the unapplied account on November 18, 1983, and that such a transfer of funds from a borrower's unapplied principal account was the usual and ordinary procedure followed by the bank when a loan was past due. He also testified that since the amount transferred from the unapplied account was the equivalent of four monthly payments, the equivalent of two monthly payments remained in the account and the loan would have matured just two months early rather than six months early. The note department supervisor, Joline Hoffman, testified that she was the teller who processed the $870.80 transaction on November 18, 1983. After refreshing her recollection with the computer tape from her machine on that date, she testified that it showed that no cash or checks in the amount of $870.80 were received that day. Rather, that amount of money was shown as a transfer "on the books" from Young's unapplied principal account to the amortization schedule of the loan. She, too, testified that this transfer served to return a loan in past-due sta-

tus to current status by utilizing principal amounts that were available. Hoffman also stated that the blank payment book coupons are not receipts of payment. At trial it was established that although Young typically made a notation on the payment book stub when he sent his payment by mail or he received a teller's stamp on the payment book stub when he paid in person, the coupon stubs corresponding to the four disputed payments had no stamps or notations of any kind. The bank also attempted to show that during the period Young owed money on the loan in question, he had a second loan at the bank which was also secured by a motor vehicle. The bank offered to show that Young made a cash payment of $812.77 on the second loan in November of 1984 and that perhaps Young was now mistaken about the date of the $800 payment and about which of the two loan accounts received the cash payment. The trial court sustained Young's objection that the testimony regarding the second loan was immaterial.

■ On appeal, the bank first argues that the court erred in sustaining Young's objection to the bank's evidence regarding the second loan. We agree. The dispute over the first note did not arise until well over a year after the arrearage was corrected. The bank attempted to show that in the interim Young actually made a payment of over $800, but he paid on the balance of the second note, not the one in arrears. The trial court incorrectly ruled that this evidence was immaterial. The evidence offered an alternative explanation for Young's claim that he made a large cash payment on the first note and would have affected the probative value of his testimony. The evidence was therefore material and should have been admitted.

■ The bank's main contention on appeal is that the finding of the trial court in favor of Young was contrary to the manifest weight of the evidence. Broadly speaking, this case presents an evidentiary conflict between the testimony of the bank's witnesses, corroborated by documentary evidence, and Young's testimony, which is uncorroborated. The bank correctly points out that Young had the burden of establishing any defense, including payment, by a preponderance of the evidence. (*Tuttle v. Rose* (1981), 102 Ill. App. 3d 965; Ill. Ann. Stat., ch. 26, par. 3—307(2), Comment, at 204 (Smith-Hurd 1963).) We disagree with Young's assertion that the bank's mere possession of the four coupons is proof that he made the four payments as he alleges. The coupons alone are not receipts or evidence of payment; they serve only to remind a borrower of the due date and amount of the loan payments. Thus, the only evidence directly supporting the defense of payment is Young's own testimony. Young did not produce receipts for the disputed payments and he failed to explain why the

bank's records showed the transaction was a transfer of funds from the unapplied principal account and not a cash transaction. Young attempted to weaken Hoffman's testimony regarding the absence of cash transactions in the amount of $870.80 on the date in question by asserting that it was negative evidence and entitled to less weight than his positive evidence of payment. However, in *Lawrence v. Stiles* (1885), 16 Ill. App. 489, a case which involved a disputed bank deposit, the court established that testimony regarding an absence of an entry in a business record is admissible if it is shown that such an entry would have been made in the ordinary course of business and further stated that the testimony is considered positive evidence.

Classification of this evidence as positive or negative is not the deciding factor, however. In the instant case, the bank's evidence included not only testimony about the absence of a cash transaction, but also positive evidence in the form of records and testimony, which supplied additional support for the contention that the arrearage was indeed corrected by the bank's transfer of funds. When a case presents such a direct conflict in the parties' testimony, documentary evidence becomes of paramount importance and is entitled to greater weight than testimonial evidence. (*Vallarta v. Lee Optical of Missouri, Inc.* (1973), 12 Ill. App. 3d 112.) The bank's computerized payment schedule provided documentary support for its contention that Young did not make a cash payment of $870.80 as he alleged. Young submitted no corroborating evidence to support his defense of payment, and the record cannot establish his payment of the four installments in dispute. Under these circumstances, we must conclude that the trial court's decision was against the manifest weight of the evidence.

In accord with the foregoing, the judgment is reversed and the cause is remanded with directions to enter judgment for the State Bank of East Moline and for further proceedings consistent with this opinion.

Reversed and remanded.

SCOTT, P.J., and BARRY, J., concur.