**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Union National Bank of Chicago, Plaintiff,**

**v.**

**Lillian WRIGHT; Beverly Bank, as Successor Trustee to Union National Bank of Chicago, under Trust Agreement known as Trust No. 2502; the 400 Condominium Association, a not-for-profit corporation of Illinois; First National Bank of Blue Island, as Trustee under Trust Agreement dated March 20, 1984, and known as Trust No. 84011; G.C. Services Corporation; Dorothy Montgomery; Unknown Owners and Non-Record Claimants, Defendants.**

**No. 85 C 3252.**

United States District Court, N.D. Illinois, E.D.

April 25, 1988.

---

Paul Richter, David L. Hazan, DeHaan & Richter, Chicago, Ill., for plaintiff.

Morris Goldman, Pierce & Goldman, Emory Andrew Tate, Robert L. Schroeder, Tate & Associates, Ltd., Chicago, for defendants.

Lillian Wright, pro se.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

The Federal Deposit Insurance Corporation ("the FDIC"), as receiver of Union National Bank of Chicago ("the Bank"), brought this action against defendant Lillian Wright ("Defendant"), among others, seeking to foreclose an Assignment of Beneficial Interest ("the Assignment")—Count I—and to recover monies due and owing on four promissory notes—counts II through V—and a guaranty—Count VII—given by Defendant to the Bank before the Bank went into receivership. The FDIC has moved for summary judgment against Defendant, asserting that there are no genuine issues of material fact and that it is entitled to judgment on each count as a matter of law.

Defendant contests the summary judgment motion, arguing that there are genuine issues of material fact with respect to each claim against her. She supports her argument with an affidavit in which she maintains as follows: That the note secured by the Assignment was cancelled and her obligations under it extended by an unsecured promissory note; that the promissory notes in Counts II and III, and the guaranty in Count VII were executed solely for the purposes of establishing lines of credit and are void for lack of consideration; and that the note in Count V has been paid. She neither provides nor points to any evidence whatever to contest her liability on the note in Count IV.

## DISCUSSION

### Count I

The FDIC claims that it is entitled to summary judgment on Count I because: (1) the Assignment secured a $30,000 note executed by Defendant on December 23, 1980; (2) the Assignment and the note were consolidated, on October 30, 1982, into the $75,200 note set forth in Count II; and (3) Defendant, as a matter of law, has defaulted on that note. As explained below, this court is withholding its ruling on the summary judgment motion for Count II, pending further briefing by the parties. As a result, the FDIC cannot, at least for now, meet its burden on factor (3).

This court will not withhold its ruling on this count pending resolution of the motion for Count II, however, because the FDIC has also failed to establish the absence of a genuine issue with regard to factor (2): Even a cursory examination of the $75,200 note reveals that it is marked "unsecured."

The FDIC does not even mention this oddity in its argument that Defendant's alleged default on the $75,200 note entitled it to foreclose on the Assignment. Instead, it merely points to the marking on the $30,000 note indicating that the note was "cancelled" and "extended by renewal" on October 30, 1982. Whether it was or was not, and whether if it was, the "renewal"

applies to the Assignment as well to the underlying debt, has not been addressed by either party, and cannot be resolved by this court at the summary judgment stage. Accordingly, the motion for summary judgment on Count I will be denied.

*Counts II, III and VII*

The FDIC does not dispute that Defendant's affidavit establishes a genuine issue of fact as to whether consideration was paid for the notes set forth in Counts II and III and underlying the guaranty set forth in Count VII. Instead, the FDIC claims that the so-called *D'Oench, Duhme* doctrine makes this factual issue immaterial to Defendant's liability, and thus makes summary judgment appropriate here.

The *D'Oench, Duhme* doctrine, named for the Supreme Court case out of which it arose, *see D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 82 L.Ed. 956 (1942), has evolved over the years to preclude a host of different defenses against the FDIC when the FDIC is suing on notes and other assets it has acquired from insolvent banks. Thus, in such cases:

> To resist summary judgment ... the defendants need do more than simply raise a genuine fact issue with respect to their defenses; *they also must show, by summary judgment standards, that their defenses may fall outside the scope of D'Oench....*

*Federal Deposit Insurance Corp. v. Powers,* 576 F.Supp. 1167, 1169 (N.D.Ill.1983), *aff'd,* 753 F.2d 1076 (7th Cir.1984) (emphasis added). The FDIC claims that the defense of lack of consideration falls squarely within the doctrine.

Whether it does or does not is far from clear. The doctrine is most often applied, and has been (at least partially) codified, *see* 12 U.S.C. 1823(e), to bar a maker from raising as a defense against the FDIC the existence of "separate, secret, unrecorded agreements" between himself and the bank altering the terms of a facially valid note. *Riverside Park Realty v. FDIC,* 465 F.Supp. 305, 313 (M.D.Tenn.1978). Thus,

where "a maker's defenses are based on a collateral agreement, the defenses *must* fail." *Federal Deposit Insurance Corp. v. MM & S Partners,* 626 F.Supp. 681, 684 (N.D.Ill.1985) (emphasis added). However, "where the document the FDIC seeks to enforce is one ... which facially manifests *bilateral* obligations and serves as the basis of the [maker's] defense," the doctrine does not apply. *Howell v. Continental Credit Corporation,* 655 F.2d 743 (7th Cir. 1981) (emphasis in original).

The FDIC's lack of consideration defense falls in a twilight zone between these two situations. On the one hand, the notes here are "facially valid note[s] ... imposing a unilateral obligation on the maker to pay a sum certain amount to the bank." *Id.* at 744. On the other hand, they would be subject to the defense of lack of consideration against non-FDIC plaintiffs irrespective of the existence of any collateral agreement between the bank and the maker. *See Federal Deposit Insurance Corp. v. Hatmaker,* 756 F.2d 34, 38 (6th Cir. 1985).[1]

The few courts which have addressed the applicability of *D'Oench, Duhme* to the failure of consideration defense have chartered a middle course. Rather than applying the doctrine to bar the defense entirely, they have used it, in varying ways, to limit a maker's ability to rely on a failure to consideration defense. *See id.* (*D'Oench, Duhme* estoppel only applies to failure of consideration defense if defendant "lent himself to a deceptive scheme or arrangement giving rise to his defense"); *Federal Deposit Insurance Corp. v. Leach,* 772 F.2d 1262 (6th Cir.1985) (*D'Oench, Duhme* bars assertion of lack of consideration defense against FDIC when FDIC acquires asset for value, in good faith, and without actual knowledge of the failure of consideration); *cf. Federal Deposit Insurance Corp. v. MM & S Partners,* 626 F.Supp. at 687 (policy underlying *D'Oench Duhme* doctrine supports barring maker from raising any defense based on FDIC's represen-

---

**1.** Of course, if the FDIC is a holder in due course, then it need not worry about this defense; but it has not taken that position here, and this court will not pursue that question further.

tations or conduct outside of the note itself).

In seeking to properly apply the doctrine to the instant case, this court lacks the benefit of opposing views. This is so because FDIC, somewhat improperly, first raised the *D'Oench, Duhme* doctrine in its reply brief, and Defendant did not seek leave to file a surreply.

Still, were this the only difficult issue raised by the FDIC's summary judgment motion, this court might well venture to resolve it without Defendant's participation; Defendant, through not bound to do so, had plenty of time in which to surreply.

Unfortunately, even were this court to resolve this difficult issue, two troubling, and unbriefed, issues would remain.

First, does Congress' codification of the doctrine in 28 U.S.C. 1823(e) preempt the common law rule set forth in *D'Oench, Duhme*? This question was raised, but left unresolved, by another Judge in this district, *see Federal Deposit Insurance Corp. v. Powers*, 576 F.Supp. 1167 (N.D.Ill. 1983) (Getzendanner, J.), *aff'd*, 753 F.2d 1076 (7th Cir.1984). And although the Seventh Circuit (and many others) have for many years applied both the statute and the doctrine in relevant cases, *see, e.g., Howell v. Continental Credit Corporation*, 655 F.2d 743, 744 (7th Cir.1981), the Court recently intimated that the existence of the statute might well preclude reliance on the alternative, judge-made doctrine. *See Federal Deposit Insurance Co. v. O'Neil*, 809 F.2d 350 (7th Cir.1987) (straining to bring case within statute although it easily would have fit within the common law rule).

Second, even if the *D'Oench, Duhme* doctrine does survive § 1823(e), can the FDIC rely on the doctrine when it brings an action, not as an acquirer of an insolvent bank's assets, but instead as a bank's receiver? Although a number of courts have permitted it to do so without addressing the issue, *see, e.g., Federal Deposit Insurance Corp. v. Castle*, 781 F.2d 1101 (5th Cir.1986); *Federal Deposit Insurance Corp. v. Van Laanen*, 769 F.2d 666 (10th Cir.1985), there are good reasons to question whether their having done so provides an implicit approval of the FDIC's actions.

Most importantly, these cases employed both § 1823(e) and the common law doctrine in their analysis, despite the fact that the statute *clearly* does not apply when the FDIC sues as a receiver.[2] This strongly suggests that the courts never even considered the differing capacities within which the FDIC can operate with respect to an insolvent bank.

Furthermore, the two courts which have directly confronted the problem have indicated that the FDIC may not rely on either the statute or the doctrine when it sues as a receiver of a federal bank. *See Matter of Selden*, 58 B.R. 667, 677 (Bankry.D.Neb. 1986) (§ 1823(e) deals with the FDIC in its corporate capacity, not in its capacity as receiver of a state bank); *Federal Deposit Insurance Corp. v. Miller*, 659 F.Supp. 388 (D.Kan.1987) (FDIC as receiver for state bank could rely on § 1823(e) because, under Kansas law, he became "owner and holder of all [the state bank's] assets"). Although the analysis in these cases was less than thorough, this may well indicate that, once the courts examined the issue, the outcome was, at least to them, relatively clear.

Finally, in *Federal Deposit Insurance Co. v. O'Neil, supra,* the Seventh Circuit cited with approval a Fifth Circuit case

**2.** The relevant portion of 12 U.S.C. § 1823(e) provides:
No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously from the time of its execution, an official record of the bank.

which seemed to suggest that the FDIC could not rely on its special status when it sued only as a receiver of an insolvent bank. *See id.* at 354 (*citing Chatham Ventures, Inc. v. Federal Deposit Insurance Corp.,* 651 F.2d 355, 358–59 (5th Cir. 1981)).

In light of the many complex yet unaddressed issues left for resolution here, this court has decided to request fuller briefing on the FDIC's motion for Counts II, III, and VII. Accordingly, the court orders that each side file one additional brief addressing the three issues set forth above. Again:

(1) How, if at all, does the *D'Oench, Duhme* doctrine apply to the lack of consideration defense?

(2) Is the doctrine still viable in light of Congress' (at least partial) codification of it in § 1823(e)?

(3) Can the FDIC rely on the doctrine when it sues in its capacity as receiver of an insolvent federal bank?

*Count IV*

■ Although Defendant contests the FDIC's motion for summary judgment on Count IV by claiming that she has made partial payment on the relevant note, she provides no evidentiary support for this assertion. Since she bears the burden of persuasion for this defense, *see State Bank of Moline v. Young,* 149 Ill.App.3d 460, 102 Ill.Dec. 839, 500 N.E.2d 732 (1986), this court will grant summary judgment against her on this count.

*Count V*

■ Defendant contests summary judgment on the note in Count V on the grounds that she has paid it in full. For this count, unlike the previous one, she supports this argument with her sworn affidavit to that effect. Nevertheless, the FDIC maintains that it is entitled to summary judgment on this count because Defendant concedes that she has no *documentary* evidence to support her argument and, in Illinois, such evidence is required to satisfy her preponderance burden.

The FDIC cites *State Bank of Moline v. Young,* 149 Ill.App.3d 460, 102 Ill.Dec. 839, 500 N.E.2d 732 (1986) as direct support for this argument. Either the FDIC did not read this case, or did not believe that this court would. The case stands only for the proposition that when a case of this sort "presents ... a *direct conflict in the parties' testimony,* documentary evidence becomes of paramount importance and is entitled to *greater weight* than testimonial evidence." *Id.* at 464, 102 Ill.Dec. 839, 500 N.E.2d 732 (emphasis added). In this case, the FDIC has pointed to no testimony at all that conflicts with Defendant's claim that she made full payment on the note. Nor has it pointed to any documentary evidence to that effect. Accordingly, a genuine issue as to a material fact exists, and summary judgment must be denied.

### CONCLUSION

The FDIC's motion for summary judgment against Defendant Wright is denied on Counts I and V; granted on Count IV; and reserved pending additional briefing on Counts II, III, and VI.