**CENTER DEVELOPMENT VENTURE, a Minnesota partnership, Plaintiff,**

v.

**KINNEY SHOE CORPORATION, a New York corporation, Defendant.**

No. 90–C–1073.

United States District Court, E.D. Wisconsin.

Jan. 30, 1991.

Liebman, Conway, Olejniczak & Jerry by Craig Maxwell, Green Bay, Wis., for plaintiff.

Quarles & Brady by Jeffrey O. Davis and Roy L. Prange, Jr., Madison, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, a Minnesota partnership, owns and operates a shopping mall in Green Bay, Wisconsin. The plaintiff will hereinafter be referred to as Center Development. The defendant, a New York corporation [Kinney Shoes], has leased space from Center Development since March 1, 1983. The lease was to expire on December 31, 1994. Due to continuing economic losses, Kinney Shoes ceased operations and vacated its store within the plaintiff's mall on October 10, 1990.

On October 19, 1990, Center Development filed an action in state court seeking a preliminary injunction and damages for breach of contract. Kinney Shoes removed the action to federal court on October 30, 1990, on the basis of diversity of citizenship. 28 U.S.C. § 1332(a)(1). The court directed the parties to brief their respective positions, and the briefing was completed on December 26, 1990. The plaintiff's motion for a preliminary injunction will be denied.

Center Development is not seeking to preserve the status quo; Center Development seeks an order requiring Kinney Shoes to re-occupy the premises, to re-supply the premises with goods, and to resume operating a business.

Four factors must be addressed before resolving a motion for a preliminary injunction:

(1) whether the plaintiff has reasonable likelihood of success on the merits; (2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the injunction may inflict on the defendant; and (4) whether the granting of the preliminary injunction will disserve the public interest.

*Faheem-El v. Klincar*, 841 F.2d 712, 176 (7th Cir.1988).

The plaintiff shoulders the burden of persuasion with respect to each of the four factors. *Cox v. City of Chicago*, 868 F.2d 217, 219 (7th Cir.1989). "If the movant can meet this threshold burden, the inquiry then becomes a 'sliding scale' analysis of the harm to the parties and the public from the grant or denial of the injunction and the actual likelihood of success on the merits." *Ping v. National Education Assoc.*, 870 F.2d 1369, 1371 (7th Cir.1989).

Center Development asserts that it is entitled to injunctive relief because: (1) it is highly likely that it will prevail on the merits since "the terms of the lease unequivocally require the defendant to occupy and conduct business in the leased premises;" (2) money damages are inadequate because the loss of patronage and customer confidence in the mall is difficult to compute; (3) it will suffer more economic harm than will the defendant; and (4) the public interest would be served by providing shopping convenience to the local residents and aggressive retail competition in the area.

At this stage of the proceedings, I am unable to find that there is a reasonable likelihood that Center Development will succeed on the merits of its breach of con-

tract claim. This is not to say that the ultimate issue in dispute has been resolved. Center Development's success turns on whether article 6 of the lease agreement can be reasonably interpreted as a mandatory, continuous operations clause. While it is possible that Center Development may be able to establish that the lease requires mandatory, continuous business operation by the lessee, its chances are uncertain.

Even if Center Development establishes that Kinney Shoes violated its obligation continuously to operate a shoe store, the court also finds that Center Development's position on the inadequacy of money damages is not persuasive. First, it is not clear that the plaintiff's damages are incalculable. Ms. Beckman, the manager of the mall, asserts that a vacancy in a mall results in an exponential decrease in business and mall attraction. Beckman affidavit at paragraph 7. Accordingly, it would seem that monetary loss could be established with reasonable certainty.

Similarly, the court is unimpressed with Center Development's assertion that it will be irreparably harmed by Kinney Shoes' departure from the mall. It is not clear that the vacancy created by Kinney Shoes' departure threatens the very existence of the mall operation. *See e.g., Associated Producers v. City of Independence, Mo.,* 648 F.Supp. 1255, 1258 (W.D.Mo.1986).

The argument in Center Development's opening brief that the actions of Kinney Shoes will cause other lessees to vacate the premises has now been abandoned. Kinney Shoes is not so unique that it is irreplaceable. *A.O. Smith Corp. v. Federal Trade Commission,* 530 F.2d 515, 525 (3rd Cir.1976). Ms. Beckman stated that it is desirable to have the Kinney Shoes product line available to the mall customers, but she also recognized that another tenant with the right product line could alleviate the problem created by the vacancy in the mall. Beckman Deposition at pages 102–03.

Since the plaintiff has failed to establish a likelihood of success on the merits, inadequate remedies at law and irreparable harm, the court need not reach the remaining considerations inherent in resolving a preliminary injunction request. A preliminary injunction is unwarranted in this instance.

On January 9, 1991, Kinney Shoes filed a motion to strike the affidavit filed by Center Development in connection with its reply brief. Kinney Shoes' objection to this affidavit is justified. The filing of an additional affidavit introducing new factual assertions in a reply brief leaves the opposing side no opportunity to respond. The court has not considered the untimely affidavit, and Kinney Shoes' motion to strike the affidavit will be granted.

Therefore, IT IS ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion to strike the affidavit of Harold J. Carlson be and hereby is granted, with costs.