John W. BOUSTEAD, Thomas J. Byrne, David C. Pflieger and Michael R. Stringer, Plaintiffs,

v.

Charles L. BARANCID and Hamilton Industries, Inc., n/k/a the Mayline Company, Inc., an Illinois corporation, Defendants.

No. 93–C–401.

United States District Court, E.D. Wisconsin.

Aug. 11, 1993.

Shindell & Shindell by Anne B. Shindell, Milwaukee, WI, for plaintiffs.

Seyforth, Shaw, Fairweather & Geraldson by Michael R. Levinson and, Jeffery S. Norman, Chicago, IL, for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On April 23, 1993, the plaintiffs filed a complaint against the defendant Hamilton Industries, Inc., now known as The Mayline Company, Inc. [Mayline], and its principal and controlling stockholder and sole director, Charles L. Barancik. According to the allegations of the complaint, diversity of citizenship exists between the parties because the plaintiffs are citizens of the state of Wisconsin and the defendants are citizens of the state of Illinois. Thus, the plaintiffs allege that this court has jurisdiction over this action on the ground that it is one between citizens of different states and the amount in controversy exceeds the sum of $50,000, exclusive of interests and costs, under 28 U.S.C. § 1332(a)(1).

Presently before the court are the following motions: (1) defendants' "Motion to Dismiss for Lack of Diversity Jurisdiction"; (2) plaintiffs' "Motion to Permit Discovery of Facts Necessary to the Court's Determination of Jurisdiction and to Stay Defendants' Motion to Dismiss Pending the Completion of the Requested Discovery"; (3) defendants'

"Motion to Strike Supplemental Memorandum in Opposition to Motion to Dismiss and Supplemental Affidavit"; and (4) plaintiffs' "Motion to Suspend Further Briefing Pending Preliminary Decision of the Court."

## I. Motion to Permit Discovery of Facts Necessary to the Court's Determination of Jurisdiction and to Stay Defendants' Motion to Dismiss Pending the Completion of the Requested Discovery

The plaintiffs ask the court for an order to hold the defendants' motion to dismiss in abeyance until they have had the benefit of discovery pursuant to Rules 26 and 37, Federal Rules of Civil Procedure, on the facts relating to the jurisdictional issue raised by the defendants. Specifically, the plaintiffs ask the court to permit them to serve on the defendants a number of interrogatories and requests for the production of documents.

Discovery motions pursuant to Rule 37, Federal Rules of Civil Procedure, are addressed to the sound discretion of the trial court. *Community Sav. and Loan Ass'n v. Federal Home Loan Bank Bd.*, 68 F.R.D. 378, 381 (E.D.Wis.1975). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . ." Rule 26(b)(1), Federal Rules of Civil Procedure. "The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 12, 98 S.Ct. 2380, 2389 n. 12, 57 L.Ed.2d 253 (1978) (citing 4 J. Moore, Federal Practice ¶ 26.56[1], p. 26–131 n. 34 (2d ed. 1976)).

Discovery is not limited to the merits of a case; "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer*, 437 U.S. at 351 n. 13, 98 S.Ct. at 2389 n. 13. Thus, the critical issue in resolving the instant motion is whether the discovery requested by the plaintiffs is relevant and necessary to the resolution of the jurisdictional issue before the court.

The defendants assert in their motion to dismiss that the court does not have jurisdiction over this action because diversity of citizenship does not exist between the corporate defendant, Mayline, and the plaintiffs. For purposes of determining jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). Insofar as this action involves multiple plaintiffs and defendants, *each* plaintiff must differ in citizenship from *each* defendant—the rule of "complete diversity"—in order for subject matter jurisdiction to exist under § 1332. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 381 (7th Cir.1990), *cert. denied sub nom. Bagdon v. Firestone Tire & Rubber Co.*, — U.S. —, 111 S.Ct. 2257, 114 L.Ed.2d 710 (1991).

According to the allegations of the complaint, all of the plaintiffs are citizens of the state of Wisconsin; the defendant, Mr. Barancik, is a resident of the state of Illinois and the corporate defendant, Mayline, has its principal place of business in Illinois and is incorporated in the state of Illinois. Thus, according to the face of the complaint, complete diversity of citizenship exists.

However, the defendants argue that contrary to the allegations of the complaint, Mayline's principal place of business is Sheboygan, Wisconsin. Thus, they maintain that complete diversity is absent because Mayline and all of the plaintiffs are citizens of the state of Wisconsin. Therefore, the issue presented by the defendants' motion to dismiss obligates the court to make a factual determination as to the locus of Mayline's principal place of business.

The court of appeals for the seventh circuit has adopted the "nerve center" test to determine a corporation's principal place of business. *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). In determining the locus of the nerve center, the court of appeals has stated that "[W]e look for the corporation's brain, and

ordinarily find it where the corporation has its headquarters." *Wisconsin Knife Works,* 781 F.2d at 1282. Among the factors which the court of appeals has considered in determining the location of a corporation's nerve center are the following: (1) locus of the general offices; (2) residence of officers and department heads; (3) where management decisions are made; (4) where income tax returns are filed; (5) locus of records and audits; (6) where credit cards and collection matters are handled; (7) locus of principal bank account; (8) locus of board of directors meetings; (9) where orders are received and filled; and (10) where all correspondence is conducted. *Beightol v. Capital Bankers Life Ins. Co.,* 730 F.Supp. 190, 192 (E.D.Wis. 1990). The court of appeals has further recognized that another factor to be considered is the location where the "functions for which [the] corporation exists are carried out...." *Epstein v. Guilford Industries, Inc.,* 218 F.Supp. 286, 288 (S.D.N.Y.1963) (cited with approval in *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 778 (7th Cir.1986)).

In addition, in analyzing the nerve center test, the court of appeals for the first circuit has stated that what is really sought is the "operational center" of the corporation in question. *Topp v. Compair Inc.,* 814 F.2d 830, 835 (1st Cir.1987). That court has also observed:

> So long as that corporation is entitled to be viewed as a separate entity, ... the nerve center test does not search out for the locus of its parent corporation, nor of those having the ultimate controlling interests. The test, in other words, does not search out the home of the economic tsar who ultimately dominates, through other corporations or otherwise, the entity in question. Rather, so long as the entity's corporate form is entitled to credibility, the nerve center tests looks for the localized nerve center from which the corporation in issue is directly run.

*Topp,* 814 F.2d at 835. While such observation was made in the context of a parent/subsidiary situation, I believe these remarks are equally applicable where, as here, the defendant corporation is alleged to be part of a "web of corporate entities" which is controlled by a larger corporation.

■ The defendants argue that discovery should not be permitted because no amount of discovery would change the facts that Mayline's headquarters are in Sheboygan, Wisconsin. Contrary to the defendants' view, a preliminary examination of the submissions of the parties indicates that the question of fact as to Mayline's principal place of business is a close one. The affidavits submitted by the plaintiffs, liberally viewed, present at least some facts which call into question what the defendants claim the facts to be with respect to Mayline's activities in Illinois and Wisconsin. Further, the plaintiffs, as the parties invoking the court's jurisdiction, have the burden of supporting the allegations of jurisdictional facts by competent proof. *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979).

■ Hence, I am satisfied that the plaintiffs should be permitted to conduct discovery in the form of interrogatories and requests for production of documents on the jurisdictional issue before the court. Nevertheless, I agree with the defendants' contention that the scope of the plaintiffs' proposed interrogatories and requests for production of documents is too broad for the inquiry at hand.

Here, the plaintiffs do not argue that Mayline is a subsidiary of a parent corporation. Rather, they contend that Mayline is run by defendant, Mr. Barancik, through his company, Northbrook Management Corporation [Northbrook], such that Mayline's nerve center should be determined according to the situs of Northbrook's offices—Northbrook, Illinois. In support of their theory, the plaintiffs maintain that Mr. Barancik, through Northbrook, provides management and operational functions to a number of other corporations owned by Mr. Barancik, including Mayline.

In order to prove that Mayline's nerve center is Illinois—the situs of Northbrook—the plaintiffs suggest that they need to obtain discovery as to the corporate structure and activity of Mayline *and* each of the other five entities owned by Mr. Barancik and allegedly controlled by him through North-

brook. I have no hesitation concluding that the plaintiffs' focus is overly expansive. The only relevant inquiry is the corporate activity and structure, both operational and administrative, of Mayline. How Mr. Barancik runs Northbrook and whether Mr. Barancik ran other entities through Northbrook or independent of Northbrook are issues that are not significant factors in my efforts to determine the location of *Mayline's* principal place of business. *Topp,* 814 F.2d at 835.

Therefore, the plaintiffs will be permitted to conduct discovery through the use of interrogatories and requests for production of documents which are limited to the issue of Mayline's corporate structure. The portions of the proposed interrogatories and requests for production of documents that ask for information regarding Mr. Barancik's other entities, namely, Justrite, Dynacircuits, Associated Sprinklers, Barancik Industries and Northbrook Management Corporation, need not be responded to by the defendants.

Accordingly, the plaintiffs' motion to permit discovery and to stay determination of the defendants' motion to dismiss pending completion of discovery will be granted in accordance with this decision and order. The plaintiffs will be directed to complete all discovery on the jurisdictional issue no later than Monday, September 13, 1993. The plaintiffs will be directed to serve and file a supplemental answering brief along with supplemental affidavits and exhibits, if any, which relate to the information obtained through discovery, no later than Thursday, September 28, 1993. The defendants will be directed to serve and file a supplemental reply brief, if any, no later than Friday, October 8, 1993.

### II. Motion to Strike

■ The defendants move to strike the plaintiffs' supplemental brief in opposition to its motion to dismiss and the supplemental affidavit of John W. Boustead. Notwithstanding my decision to stay the determination of the defendants' motion to dismiss pending completion of discovery on the jurisdictional issue, I will resolve the defendants' motion to strike because such motion is fully briefed and is not dependent on further discovery.

The basis for the defendants' motion is threefold: (1) the plaintiffs never sought leave of court to file a sur-reply; (2) the supplemental materials "misanalyze" the law; and (3) the supplemental materials are "filled with inappropriate and uncalled for personal attacks on Defendants and their counsel." The plaintiffs respond that their sur-reply was required so that they could challenge the new factual assertions submitted by the defendants in the affidavits which were improperly filed with the defendants' reply.

The motion practice established under the local rules of the eastern district of Wisconsin contemplates that in all motions, other than those for summary judgment, there will be but three submissions: (1) the motion, along with supporting brief and when necessary affidavits or other documents, Local Rule 6, Section 6.01(a); (2) "an answering brief and, when necessary, affidavits or other documents," Local Rule 6, Section 6.01(b); and (3) a reply brief which shall be "limited to matters in reply," Local Rule 6, Section 6.01(c). The local rules do not allow the non-movant to file a sur-reply or any other supplemental material as a matter of right. The case law reveals that a non-movant will only be allowed to file a sur-reply or other supplemental material upon receiving leave of court. *See e.g. Nalco Chemical Company v. Hydro Technologies, Inc.,* 809 F.Supp. 672, 673 (E.D.Wis.1992); *Buttitta v. City of Chicago,* 803 F.Supp. 213, 217 (N.D.Ill.1992); *F.D.I.C. v. Wright,* 684 F.Supp. 536, 539 (N.D.Ill.1988).

In this case, the plaintiffs did not seek leave of court to file their sur-reply or the supplemental affidavit of Mr. Boustead. The plaintiffs offer no explanation for their failure to seek leave of court to file a sur-reply. In fact, they admit that such information was available to them when they originally filed their answering brief and Mr. Boustead's initial affidavit. (Plaintiffs' Memorandum in Opposition to Defendants' Motion to Strike, at p. 3.) Moreover, filing of the additional affidavit introducing new factual assertions leaves the opposing side with no opportunity to respond. *Center Development Venture v.*

*Kinney Shoe Corp.,* 757 F.Supp. 34, 36 (E.D.Wis.). Thus, the defendants' motion to strike the plaintiffs' sur-reply and the supplemental affidavit of Mr. Boustead will be granted.

■ The court notes that the plaintiffs were prompted to file their supplemental submissions because the defendants had filed additional affidavits of Jeffrey A. Golman and John W. Ozag and an additional exhibit with their reply brief. Local rule 6.01(c) specifically limits the movant in responding to the non-movant's answering brief and affidavits or other documents to a reply *brief;* it does not permit the movant to file additional affidavits or other documents. *Center Development Venture,* 757 F.Supp. at 36. At no time did the defendants seek leave of this court to file these additional evidentiary materials. Therefore, the affidavits and exhibit served and filed with the defendants' reply brief will also be stricken by the court as untimely.

### III. Motion to Suspend Further Briefing Pending Preliminary Decision of the Court

The plaintiffs have filed a motion to suspend further briefing on the jurisdictional issue pending my determination of their request for an order permitting discovery. Because I have (herein) already ruled on their request for discovery, their motion to suspend further briefing will be denied as moot.

### ORDER

Therefore, IT IS ORDERED that the plaintiffs' "Motion to Permit Discovery of Facts Necessary to the Court's Determination of Jurisdiction and to Stay Defendants' Motion to Dismiss Pending the Completion of the Requested Discovery" be and hereby is granted.

IT IS ALSO ORDERED that the plaintiffs be and hereby are directed to complete all discovery on the jurisdictional issue no later than Monday, September 13, 1993.

IT IS FURTHER ORDERED that the plaintiffs be and hereby are directed to serve and file a supplemental answering brief along with supplemental affidavits or exhibits, if any, which relate to the information obtained through discovery, no later than Thursday, September 28, 1993.

IT IS FURTHER ORDERED that the defendants be and hereby are directed to serve and file a supplemental reply brief, if any, no later than Friday; October 8, 1993.

IT IS FURTHER ORDERED that the defendants' motion to strike the plaintiffs' sur-reply and the supplemental affidavits of John W. Boustead be and hereby is granted.

IT IS FURTHER ORDERED that the affidavits of Jeffrey A. Golman and John W. Ozag and the document identified as "Exhibit B" to the defendants' reply brief be and hereby are stricken.

IT IS FURTHER ORDERED that the plaintiffs' motion to suspend further briefing pending a decision by this court on the plaintiffs' motion to permit discovery be and hereby is dismissed as moot.