Sonia GOLTZ, Plaintiff,

v.

## UNIVERSITY OF NOTRE DAME DU LAC, Defendant.

### Cause No. 3:96 CV 405 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 14, 1997.

Charles S. Leone, Melanie S. Tuttle, Botkin, Leone and Eslinger, South Bend, IN, for Plaintiff.

Lawrence C. DiNardo, Seyfarth, Shaw, Fairweather and Geraldson, Chicago, IL, for Defendant.

### *MEMORANDUM AND ORDER*

SHARP, District Judge.

This cause is before the court on Plaintiff's Motion to Strike. The underlying cause of action arises from an employment discrimination charge against which the defendant has filed a motion for summary judgment. Pursuant to the requirements of Local Rule 56.1, Plaintiff, Sonia Goltz (Goltz), filed her response brief and statement of genuine issues in opposition to defendant's motion. Defendant, University of Notre Dame du Lac (Notre Dame), filed its fifteen page reply brief.[1] In addition to the reply brief Notre Dame filed a sixty-six (66) page "response to plaintiff's statement of genuine issues." This document is the subject of the present motion to strike. For the foregoing reason this Court grants plaintiff's motion.

■ The Court begins its analysis with a few remarks about the nature of summary judgment. It is not, as parties opposing summary judgment are fond of pointing out, a vehicle for resolving factual disputes. 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 2712, at 574 (2d ed.1983). Moreover, because summary judgment is not a paper trial, the district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe.[2] The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane § 2712, at 574–78. District courts are not obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions. *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989); *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103–04 (7th Cir.1990); *see also, L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc.*, 9 F.3d 561, 567 (7th Cir.1993), *reh'g denied.* Whether to apply such a rule strictly or to overlook any transgression is a matter left to

---

1. It does not escape this court's notice that in order to remain within the fifteen (15) page limit allowed by the Local Rules, some of defendant's reply brief is in type smaller than the normal 12 pitch.

2. It appears that this is exactly what Notre Dame seeks. While not an issue in the current motion to strike, the Court notes that Notre Dame also filed a fifty-one (51) page appendix to its reply memorandum. The paperwork generated in this case to date is voluminous with numerous documents filed under seal.

the district court's discretion. *See McGann v. Northeast Ill. Reg. Commuter R.R.,* 8 F.3d 1174, 1178 n. 3 (7th Cir.1993), *reh'g denied; Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 519 (7th Cir.1992). The local rules promulgated under Federal Rule of Civil Procedure 83 have the force of law. *See generally,* 10A Wright & Miller, § 2971, pp. 11–12 (1983 ed.). One purpose of the local rules is to aid in the administration of justice by requiring that motions for summary judgment be properly briefed. *Tatalovich v. City of Superior,* 904 F.2d 1135, 1140 (7th Cir.1990); *Bell, Boyd & Lloyd,* 896 F.2d 1101, 1102–03. Additionally, "[a] local rule of a federal district court is written by and for district judges to deal with the special problems of their court, and courts therefore give a district judge's interpretation of his court's local rules considerable weight." 896 F.2d at 1101; *Schulz,* 965 F.2d at 519. Pleadings that do not conform with the local rules may be stricken at the discretion of the court. *See Bell, Boyd & Lloyd,* 896 F.2d at 1103; *Pfeil v. Rogers,* 757 F.2d 850, 858 (7th Cir.1985), *cert. denied,* 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986); *Graham v. Security Sav. & Loan,* 125 F.R.D. 687, 688–89 (N.D.Ind.1989), *aff'd,* 914 F.2d 909 (7th Cir.1990). Moreover, it is a reasonable judgment on the part of the district court that strict, consistent, "bright-line" enforcement is essential to obtaining compliance with the rule and to ensuring that long-run aggregate benefits in efficiency inure to district courts. *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311 (7th Cir.1995). With this in mind, the court now addresses the particular facts currently before it.

Two Local Rules pertain to Summary Judgment filings. First, Rule 56.1 specifically states:

The movant is required to file a supporting brief including a statement of material facts supported by appropriate citations to discovery responses. The party opposing the motion is to file affidavits and other documentary material controverting the movant's position together with an answer brief that includes in its text or appendix a "statement of genuine issues."

U.S. Dist.Ct.Rules N.D.Ind., Rule 56.1; *see also Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. Partnership,* 859 F.Supp. 1189 (N.D.Ind.1994) (acknowledging that Rule 56.1 provides for a movant's statement of facts and a non-movant's statement of genuine issues). Notre Dame is correct in that while there is no provision for a separate "response to a statement of Genuine Facts" there also is no express prohibition of such a response. (Def. Opp'n to Mot. to Strike, ¶ 4). As a result, Notre Dame asks this Court to interpret Rule 56.1 to mean that anything not expressly prohibited is allowed. However, Local Rule 7.1 adds further clarification regarding filings. Rule 7.1(b) specifically states:

[e]xcept by permission of the court, no brief shall exceed 25 pages in length (exclusive of any pages containing a table of contents, table of authorities and appendices), and no reply brief shall exceed 20 pages. Permission to file briefs in excess of these page limitations will be granted only upon motion supported by *extraordinary and compelling reasons. (emphasis added ).*

U.S. Dist. Court Rules N.D.Ind., Rule 7.1. As evidenced by the case law, *infra,* the courts have repeatedly recognized the importance and usefulness of local rules throughout this and other circuits, as well as "the exacting obligation these rules impose on a party contesting summary judgment." *See Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir.1994), *reh'g denied,* (and cases cited therein).[3] Moreover, it is

---

**3.** Many courts adhere to rules similar to those at issue here. *See generally, Clinkscales v. Chevron U.S.A., Inc.,* 831 F.2d 1565 (11th Cir.1987) (affirming exclusion of surrebuttal materials, stating, "Where, as here, the local rules do not provide for surrebuttal briefs, we conclude that the ... district court may in its discretion allow a surrebuttal brief where the non-movant's failure to fully respond to the motion in its original response was due to excusable neglect."); *S.E.C. v. Seaboard Corp.,* 677 F.2d 1301 (9th Cir.1982) (acceptance or rejection of unscheduled memoranda and other supplemental material within the sound discretion of the court); *Hartley v. Wisconsin Bell Inc.,* 930 F.Supp. 349 (E.D.Wis. 1996), *aff'd,* 124 F.3d 887 (7th Cir.1997) (excluding supplemental materials because "[a]t no time did the defendant seek leave of this court to file the materials ... [and it] has failed to identify a justification for the late submission...."); *Water*

clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion. *Id.* at 923; *Little v. Cox's Supermarkets,* 71 F.3d 637 (1995); *Cf. Midwest Grinding Co., Inc. v. Spitz,* 976 F.2d 1016, 1020 (7th Cir. 1992). This Court exercises its discretion here in granting plaintiff's motion.

The District Court for the Southern District of Indiana recently had an opportunity to address a situation analogous to the one before this court where a party attempted to file a "response to a reply brief" that was not provided for by the Local Rules. *See Cleveland v. Porca,* 38 F.3d 289 (7th Cir.1994), *reh'g denied.* The District Court found that the Local Rules provided for only three briefs: an initial brief, a response to that brief, and a reply brief. 38 F.3d 289, 297; *see also,* U.S. Dist.Ct.S.D.Ind., L.R. 7.1. The Rules did not provide for the filing of a response to the reply brief. *Id.* In *Cleveland,* the plaintiffs claimed that the district court abused its discretion because plaintiffs' "response to the reply brief" was a filing necessary to respond to new issues the defendants raised in their reply briefs. The Seventh Circuit held however, that if such was the case, the proper response was a motion to strike the offending portions of the reply brief or to seek leave to file a response to the reply brief. 38 F.3d at 297; *accord, Gold v. Wolpert,* 876 F.2d 1327, 1331 n. 6 (7th Cir.1989). Because the plaintiffs followed neither course the court found that under those circumstances, it was not an abuse of discretion to strike the unauthorized filings. *Id.*

Similarly, in *Miami Valley Contractors, Inc. v. Town of Sunman, Indiana,* 960 F.Supp. 1366 (S.D.Ind.1997), when a party attempted to file a "sur-reply" the court stated that the Rule makes no mention of a sur-reply or a sur-response, because the court has determined that such extended motion practice is generally unnecessary. *Cf. Mc-Donald v. Schencker,* 18 F.3d 491, 496 (7th Cir.1994) ("[a] sur-reply brief may be overkill and possibly a wasted effort since filing requires leave of the court."). Moreover, there was no question that those unauthorized submissions could properly be excluded from consideration by that court. *Id.*

*United States v. Hodgekins,* 805 F.Supp. 653 (N.D.Ind.1992), *aff'd,* 28 F.3d 610, provides further support for this Court's position. In that case, the government sought to file a "rebuttal brief" which was not provided for in the Rules. The government contended that the brief was necessary on the following grounds: (1) the reply and affidavits raised new arguments that the government could not have anticipated; (2) the reply went beyond the scope of the government's response; (3) the reply cited cases the government has not had an opportunity to address; (4) the discussion of the cases cited in the reply was misleading, one case is cited for a proposition it does not support, and one case cited is not on point; (5) the reply mischaracterized the government's arguments; (6) the reply falsely asserted that the government made certain admissions and supported this assertion with selective quotations from the response; and (7) the reply suggested impropriety by the government's counsel. *Id.* at 656. The court admonished the parties that it could ascertain from a reading of the initial, response, and reply briefs those cases which support the parties' arguments without further enlightenment from the government's rebuttal brief. *Id.* at 657. The court also found it unnecessary to look to a rebuttal to determine whether the government had made admissions in its response and whether the reply raised new arguments. *Id.*

█ In comparison, the Northern District Local Rules provide for a movant's "statement of material facts" and a non-movant's "statement of genuine issues." They do not provide for a "response to the statement of

---

Comm'n of County of Hawaii v. National American Ins. Co., 930 F.Supp. 1411 (D.Haw.1996); Boustead v. Barancik, 151 F.R.D. 102 (E.D.Wis. 1993) (striking supplemental brief because the "local rules do not allow the non-movant to file a sur-reply or any other material as a matter of right. The case law reveals that a non-movant will only be allowed to file a sur-reply or other supplemental material upon receiving leave of court.") (citing cases); *see also, Gordon v. Degelmann,* No. 92–C–6891, 1993 WL 286470, at *2 (N.D.Ill. July 28, 1993) (granting Defendant's leave to cite additional authority because significant and relevant case was new and published post-briefing).

genuine issues." Notre Dame had a full and fair opportunity to address issues in its reply brief within the bounds of the Local Rules. Notre Dame's unauthorized response is not provided for within those rules. It does not qualify as a statement of facts. It was not filed as an appendix to a brief, nor can it be considered a part of the reply brief as it contains argument and is well in excess of the fifteen page limit. It is this court's opinion that if Notre Dame wished to file its contested response the appropriate method was to seek permission. Seeking permission is not a mere technicality to be overlooked or indulged by the Court. *Miami Valley Contractors*, 960 F.Supp. 1366, 1371. Furthermore, a motion to strike was the proper venue for Notre Dame's assertions that portions of Goltz's statement are "misrepresentations of testimony or are inadmissible on evidentiary grounds." *See Cleveland, supra; Gold, supra, Jewell–Rung Agency, Inc. v. Haddad Org., Ltd.*, 814 F.Supp. 337 (S.D.N.Y.1993). Finally, similar to *Hodgekins, supra*, this Court is not in need of a "guide to identify those facts" as stated by Notre Dame in its response to plaintiff's motion to strike. Nor does the Court require an "aid in determining what the admissible evidence is" in this case. (Def. Opp'n to Mot. to Strike ¶ 3).

### CONCLUSION

For the reasons enumerated herein, the court therefore **GRANTS** Goltz's Motion to Strike. Notre Dame's Response to Plaintiff's Statement of Genuine Issues is hereby Stricken.

IT IS SO ORDERED.